UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

RAI T. JOHNSON, individually,

     Plaintiff,

v.

O&L LAW GROUP, P.L.,
a Florida limited liability company, and
LVNV FUNDING, LLC,
a foreign limited liability company,

     Defendants.
_____/

## COMPLAINT FOR VIOLATIONS OF THE FDCPA
### JURY DEMAND

1.    Plaintiff alleges violations of the Fair Debt Collection Practice Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Simply put, Defendants failed to provide Plaintiff with a notice of her statutory right pursuant to 15 U.S.C. § 1692g.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendant collected a debt in this District.

### PARTIES

3.    Plaintiff, RAI T. JOHNSON, is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

4.     Defendant O&L LAW GROUP, P.L. ("O&L"), is a Florida limited liability company and debt collection law firm, which works from offices located at 3014 W. Palmira Avenue, Suite 301, Tampa, Florida 33629.

5.     Defendant, LVNV FUNDING, LLC ("LVNV"), is a foreign limited liability company and purchaser of consumer debt, which works from offices located at 200 Meeting Street, Suite 206, Charleston, South Carolina 29401.

6.     Defendants regularly use the mail and telephone in a business the principal purpose of which is the collection of defaulted upon consumer credit card debts.

7.     Defendant LVNV regularly attempts to collect defaulted upon consumer credit card debts by utilizing a network of servicing companies and law firms, such as Defendant O&L.

8.     Defendants regularly collects or attempts to collect debts for other parties.  Defendants are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

9.     At all times material to the allegations of this complaint, Defendants were acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

10.     LVNV is vicariously liable for the actions or omissions of O&L as it relates to the collection of the subject debt as further described herein. *Fox v.*

*Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir.1994); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 440-41 (6th Cir. 2008).

## **FACTUAL ALLEGATIONS**

11.     Defendant sought to collect an alleged consumer debt by instituting a garnishment action against Plaintiff.

12.     The debt at issue was allegedly incurred with respect the purchase of various household items on a credit line with "Sears" department stores; the aforesaid debt was reduced to a default final judgment on or about June 9, 1999.

13.     In the original lawsuit brought by Sears, Roebuck & Co., the merchant-creditor was represented in court by the law firm of Zakheim & Associates, P.A.

14.     At some unknown time (and upon information and belief) in 2012, the judgment was purchased by LVNV who assigned the debt to O&L to institute post-judgment collection actions against Plaintiff.

15.     On or about October 5, 2012, LVNV, through O&L, commenced a garnishment action against Plaintiff.

16.     Prior to the institution of the garnishment action, Plaintiff had no dealings with O&L or LVNV, and in fact contests the validity of the underlying

judgment due to lack of service.  This issue will be dealt with in state court in a separate matter.[1]

17.     Plaintiff, having never heard of either company (or the underlying Sears judgment), placed a call to O&L to determine the underlying facts related to the garnishment action.

18.     Plaintiff spoke with a female employee of O&L on or about October 9, 2012.

19.     Hence, Defendants' initial communication to Plaintiff was on or about October 9, 2012.

20.     As of the date of the instant federal action, Plaintiff has not been provided with a written notice of her statutory rights in violation of 15 U.S.C. § 1692g.

21.     Pursuant to the aforementioned statute, Plaintiff is to be provided a written notice of certain rights within five (5) days of the initial communication with Defendants, name the following:

*(1) the amount of the debt;*

*(2) the name of the creditor to whom the debt is owed;*

*(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;*

---

[1] In 1999, when service was allegedly perfected upon Ms. Johnson at her former residence in Opa Locka, Florida, she was living in a homeless shelter in Miami-Dade County.

4

*(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and*

*(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.*

22.     Plaintiff is afforded rights pursuant to 15 U.S.C. § 1692g irrespective of whether the debt at issue has been reduced to a judgment. *See generally,* 15 U.S.C. § 1692g(a)(4); *Frey v. Gangwish,* 970 F.2d 1516, 1518–19 (6th Cir. 1992) (failure to include validation notices in initial post-judgment communication violated § 1692g(a)).

23.     Any potential *bona fide* error defense which relies upon Defendants' mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 130 S.Ct. 1605 (2010).

<u>**COUNT I**</u>
<u>**FAILURE TO PROVIDE WRITTEN NOTICE**</u>
<u>**IN VIOLATION OF 15 U.S.C. § 1692g**</u>

24.     Plaintiff incorporates Paragraphs 1 through 23.

25. Within five days of the initial communication with Plaintiff, Defendants failed to provide a written notice to Plaintiff with regard to the rights afforded her under 15 U.S.C. § 1692g(a)(1) – 1692g(a)(5).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a.   Statutory damages;

b.   Attorney's fees, litigation expenses and costs of the instant suit; and

c.   Such other or further relief as the Court deems proper.

## **<u>JURY DEMAND</u>**

Plaintiff demands trial by jury.

Dated this 24th day of October, 2012.

SCOTT D. OWENS, ESQ.
*Attorney for Plaintiff*
664 E. Hallandale Beach Boulevard
Hallandale, Florida 33009
Telephone: 954.589.0588
Facsimile: 954.337.0666
scott@scottdowens.com

By: /s/Scott D. Owens
Scott D. Owens, Esq.
Florida Bar No. 0597651

6